**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-61703-BLOOM/Valle**

YESHUA ESPAILLAT,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of
Social Security Administration,

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Honorable Alicia O. Valle's Report and Recommendation, ECF No. [29] ("Report"). On July 20, 2020, Judge Valle issued her Report recommending that: (1) Plaintiff's Motion for Summary Judgment, ECF No. [21] ("Plaintiff's Motion"), be denied; (2) Defendant's Motion for Summary Judgment, ECF No. [25] ("Defendant's Motion"), be granted;[1] and (3) the Administrative Law Judge's Decision, ECF No. [18] at 14-27 ("ALJ Decision"),[2] be affirmed. ECF No. [29] at 1. The Report further advised that any objections to the Report were due within fourteen days. *Id.* at 39-40. On August 3, 2020, Plaintiff timely filed Objections to the Report. ECF No. [30] ("Objections"). Defendant subsequently filed a Response in Opposition to Plaintiff's Objections on August 17, 2020. ECF No. [31] ("Response").

---

[1] Plaintiff's Motion and Defendant's Motion will be referred to collectively as "the Motions" for the remainder of this Order.

[2] The July 27, 2018, ALJ Decision became a "final decision" of the Commissioner when the Appeals Council denied Plaintiff's request for review. *See* ECF No. [29] at 2; *see also Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) ("[Plaintiff] exhausted his administrative remedies whereupon the ALJ's determination became the Secretary's final decision.").

The Court has carefully reviewed the Report, the Motions, Plaintiff's Objections, Defendant's Response, the record in this case, the applicable law, and is otherwise fully advised. In addition, the Court has conducted a *de novo* review of the Report in light of the Objections. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court finds Judge Valle's Report to be well-reasoned and the analysis contained therein to be correct.

## I. BACKGROUND

The Court adopts Judge Valle's description of the administrative history and the record below, ECF No. [29] at 1-15, and incorporates that background by reference herein.

## II. LEGAL STANDARD

Judicial review of the ALJ Decision is limited to whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Lewis*, 125 F.3d at 1439); *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (stating that substantial evidence is "more than a mere scintilla, but less than a preponderance" (internal quotation and citation omitted)). A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted); *Packer v. Comm'r*, 542 F. App'x 890, 891 (11th Cir. 2013) ("[W]e may not

reweigh the evidence or substitute our judgment for that of the ALJ." (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005))).

"A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Even if evidence preponderates against the ALJ Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). Critical to the Court's review of the Report in this case, courts "may not reweigh the evidence or decide facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence. . . ." *Baez v. Comm'r*, 657 F. App'x 864, 868 (11th Cir. 2016) (citing *Dyer*, 395 F.3d at 1210); *see also Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).

### III. DISCUSSION

Upon conducting a *de novo* review, the Court finds Judge Valle's Report to be well reasoned and correct, and the Court agrees with the analysis set forth therein. In response to the Report, Plaintiff raises five Objections: (1) The ALJ improperly concluded that Dr. Pabon was not a treating physician and did not accord his opinions the appropriate weight; (2) The ALJ improperly assigned little weight to the opinions of ARNP Foster; (3) The ALJ erroneously relied on the opinions of non-examining State Agency physicians, despite the fact that they did not review the entire record; (4) The ALJ improperly cherrypicked bits and pieces from the record to discredit Plaintiff's evidence of disability instead of evaluating all of the symptoms, evidence, and testimony in the record; and (5) The ALJ's posed hypothetical to the vocational expert failed to include a complete set of limitations, based on the evidence in the record. ECF No. [30].

These Objections are all due to be overruled for at least two reasons. First, Plaintiff's Objections are improper because they largely expand upon and reframe arguments already presented and considered by Judge Valle in her Report, or they simply disagree with the Report's conclusions.[3] It is well settled that an objecting party may not "submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

> "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted)). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

---

[3] *See* ECF No. [29] at 15 ("Plaintiff raises five primary arguments on appeal. First, Plaintiff argues that the ALJ committed reversible error in failing to evaluate the opinion of Dr. Hernan Pabon, who Plaintiff claims is his treating physician. Second, Plaintiff asserts that the ALJ erred in assessing Plaintiffs RFC by assigning: (i) "little weight" to ARNP Foster's treatment records and opinions; and (ii) greater weight to the opinions of the non-examining State Agency physicians. Third, Plaintiff argues that the ALJ erred in evaluating Plaintiff's statements about the severity of his symptoms. Next, Plaintiff alleges that the ALJ failed to fully develop the record. Lastly, Plaintiff argues that the ALJ's hypothetical to the VE failed to account for all of Plaintiff's non-exertional limitations." (citations omitted)).

*Borges v. Berryhill*, No. 17-22114-CIV, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018), *aff'd sub nom. Borges v. Comm'r*, 771 F. App'x 878 (11th Cir. 2019). The Objections lack specificity regarding the Report's alleged errors. Instead, Plaintiff simply restates the same arguments originally presented to Judge Valle without identifying how the analysis in the Report was erroneous by arguing, for example, that the Report applied the wrong standard of review or overlooked the absence of objective medical evidence supporting the ALJ's findings. *See, e.g.*, ECF No. [30] at 3 ("The Magistrate then concluded that the ALJ properly assigned little weight to the opinion of ARNP Foster[.] However, Plaintiff reaffirms his contention that the evidence of record supports ARNP Foster's opinion, and therefore the ALJ improperly discounted the opinion he offered." (citations omitted)). Such generalized objections are improper and are therefore overruled.

Second, Plaintiff's Objections must be overruled because each Objection, in essence, requests that this Court "reweigh the evidence or decide facts anew," rather than affording the requisite amount of deference to the ALJ Decision, where supported by substantial evidence in the record. *Baez*, 657 F. App'x at 868 (citing *Dyer*, 395 F.3d at 1210); *see also Bloodsworth*, 703 F.2d at 1239 ("In reviewing claims brought under the Social Security Act, [courts'] role is a limited one. [They] may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the Secretary."). Thus, Plaintiff's Objections to the ALJ's alleged error in evaluating and assigning proper weight to the evidence in the record, and his Objections to Judge Valle's determinations that substantial evidence supported the ALJ Decision, are without merit. The Court should affirm the ALJ Decision where, as here, "the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shinn ex rel. Shinn v. Comm'r*, 391 F.3d 1276, 1281 (11th Cir. 2004)

(internal quotations and citations omitted); *see also Fiebel v. Comm'r*, No. 18-80642, 2019 WL 4694220, at *1 (S.D. Fla. Aug. 15, 2019). Judge Valle's Report discusses in detail the relevant (and irrelevant) evidence considered in the ALJ Decision, and upon an independent review of the record, the Court agrees with the Report's reasoning, conclusions, and recommendations. Plaintiff's Objections are therefore overruled.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Valle's Report and Recommendation, **ECF No. [29]**, is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion, **ECF No. [21]**, is **DENIED**.

3. Defendant's Motion, **ECF No. [25]**, is **GRANTED**.

4. Plaintiff's Objections, **ECF No. [30]**, are **OVERRULED**.

5. The Administrative Law Judge's Decision is **AFFIRMED**.

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

7. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record